FILED by LW D.C.

AUG 11 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20686-CR-JORDAN/MCALILEY

18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1029(b)(1)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(c)
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

DIDIER GONZALEZ VASQUEZ,
HECTOR JORNET SOUTO, and
MELVIS RAMIREZ SAIZ,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in or around March 2009, the exact date being unknown to the Grand Jury, and continuing through on or about July 16, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**DIDIER GONZALEZ VASQUEZ,
HECTOR JORNET SOUTO, and
MELVIS RAMIREZ SAIZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others unknown to the Grand Jury to commit violations of Title 18, United States Code, Section 1029(a), namely:

(1)     to knowingly, and with intent to defraud, traffic in and use one or more unauthorized access

devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and

(2) to knowingly, and with intent to defraud, possess and have control and custody of device-making equipment, that is, a credit card "skimming" device, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4).

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about June 4, 2009, **MELVIS RAMIREZ SAIZ** used a credit card "skimming" device to obtain credit card account number XXXXXXXXXXXX1269, belonging to "I.S.," at a Burger King restaurant in Miami-Dade County, Florida.

2. On or about June 4, 2009, **MELVIS RAMIREZ SAIZ** used a credit card "skimming" device to obtain credit card account number XXXXXXXXXXXX2381, belonging to "B.E.C.," at a Burger King restaurant in Miami-Dade County, Florida.

3. On or about June 7, 2009, **MELVIS RAMIREZ SAIZ** used a credit card "skimming" device to obtain credit card account number XXXXXXXXXXXX3890, belonging to "S.R.," at a Burger King restaurant in Miami-Dade County, Florida.

4. On or about June 13, 2009, **MELVIS RAMIREZ SAIZ** used a credit card "skimming" device to obtain credit card account number XXXXXXXXXXXX8233, belonging to "M.L.," at a Burger King restaurant in Miami-Dade County, Florida.

5. On or about July 16, 2009, **HECTOR JORNET SOUTO** and **MELVIS RAMIREZ SAIZ** maintained in their possession a credit card "skimming" device.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2

Between in or around March 2009, the exact date being unknown to the Grand Jury, and continuing through on or about July 16, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**DIDIER GONZALEZ VASQUEZ,
HECTOR JORNET SOUTO, and
MELVIS RAMIREZ SAIZ,**

did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices during a one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 3

On or about July 16, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**HECTOR JORNET SOUTO
and
MELVIS RAMIREZ SAIZ,**

did knowingly, and with intent to defraud, possess and have control and custody of device-making equipment, that is, a credit card "skimming" device, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4).

3

## COUNT 4

On or about July 28, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DIDIER GONZALEZ VASQUEZ,**

did knowingly, and with intent to defraud, attempt to possess fifteen or more unauthorized access devices, namely, unauthorized credit card numbers, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(3); in violation of Title 18, United States Code, Section 1029(b)(1).

## COUNTS 5-8

On or about the dates enumerated as to each count below, in Miami-Dade County, in the Southern District of Florida, the defendants,

**DIDIER GONZALEZ VASQUEZ,**
**HECTOR JORNET SOUTO, and**
**MELVIS RAMIREZ SAIZ,**

during and in relation to a felony violation of Title 18, United States Code, Sections 1029(a)(2) and 2, that is, trafficking in and using one or more unauthorized access devices during a one-year period, and by such conduct obtaining anything of value aggregating $1,000 or more during that period, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person:

| Count | Approx. Date | Means of Identification |
|---|---|---|
| 5 | 06/04/2009 | Credit card account number XXXXXXXXXXXX1269 belonging to "I.S." |

4

| 6 | 06/04/2009 | Credit card account number XXXXXXXXXXXX2381 belonging to "B.E.C." |
|---|---|---|
| 7 | 06/07/2009 | Credit card account number XXXXXXXXXXXX3890 belonging to "S.R." |
| 8 | 06/13/2009 | Credit card account number XXXXXXXXXXXX8233 belonging to "M.L." |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## CRIMINAL FORFEITURE ALLEGATIONS

a.  The allegations in Counts 1 through 4 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

b.  Upon conviction of any of the violations alleged in Counts 1 through 4 of the Indictment, the defendants, **DIDIER GONZALEZ VASQUEZ, HECTOR JORNET SOUTO,** and **MELVIS RAMIREZ SAIZ**, shall forfeit to the United States, any personal property that the defendants used or intended to be used to commit such violation, and any property constituting, or derived from, any proceeds that the defendants obtained, directly or indirectly, as the result of such violations.

c.  The property subject to forfeiture includes, but is not limited to: One electronic credit card "skimming" device, seized from **HECTOR JORNET SOUTO** and **MELVIS RAMIREZ SAIZ** on July 16, 2009.

d.  If the above-described forfeitable property, as a result of any act or omission of the defendant--

(1) cannot be located upon the exercise of due diligence;

5

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 1029(c)(1)(C) and (c)(2); Title 18, United States Code, Sections 982(a)(2)(B); and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

*[signature]*
JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

*[signature]*
ROY K. ALTMAN
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

DIDIER GONZALEZ VASQUEZ,
HECTOR JORNET SOUTO, and
MELVIS RAMIREZ SAIZ,

## CERTIFICATE OF TRIAL ATTORNEY*

                 Defendants.
_____/

Superseding Case Information:

**Court Division:** (Select One)

_X_ Miami ___ Key West
___ FTL   ___ WPB  ___ FTP

New Defendant(s)       Yes ___ No ___
Number of New Defendants ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Spanish

4. This case will take  3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                  (Check only one)

   I    0 to 5 days    _X_                Petty      ___
   II   6 to 10 days   ___                Minor      ___
   III  11 to 20 days  ___                Misdem.    ___
   IV   21 to 60 days  ___                Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  Yes
   If yes:
   Magistrate Case No.  09-mj-03008-Bandstra
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of  7/28/2009 - Didier Gonzalez Vasquez
   Defendant(s) in state custody as of  _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

                                                                                 _____
                                                                                 ROY K. ALTMAN
                                                                                 ASSISTANT UNITED STATES ATTORNEY
                                                                                 Court No. A5501271

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DIDIER GONZALEZ-VASQUEZ

**Case No:**

Count #: 1

Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices

Title 18, United States Code, Section 1029(b)(2)

\* **Max. Penalty:** 5 Years' Imprisonment

Count #: 2

Fraud and Related Activity in Connection with Access Devices

Title 18, United States Code, Section 1029(a)(2)

\***Max. Penalty:** 10 Years' Imprisonment

Count #: 4

Attempt to Possess Fifteen or More Unauthorized Access Devices

Title 18, United States Code, Section 1029(b)(1)

\***Max. Penalty:** 10 Years' Imprisonment

Counts #: 5-8

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

\***Max. Penalty:** 2 Years' Imprisonment Consecutive to Any Other Sentence

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>HECTOR JORNET SOUTO</u>

**Case No:**_____

Count #: 1

<u>Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices</u>

<u>Title 18, United States Code, Section 1029(b)(2)</u>

<u>* **Max. Penalty**: 5 Years' Imprisonment</u>

Count #: 2

<u>Fraud and Related Activity in Connection with Access Devices</u>

<u>Title 18, United States Code, Section 1029(a)(2)</u>

<u>***Max. Penalty:** 10 Years' Imprisonment</u>

Count #: 3

<u>Possession of Device Making Equipment</u>

<u>Title 18, United States Code, Section 1029(a)(4)</u>

<u>***Max. Penalty:** 15 Years' Imprisonment</u>

Counts #: 5-8

<u>Aggravated Identity Theft</u>

<u>Title 18, United States Code, Section 1028A(a)(1)</u>

<u>***Max. Penalty:** 2 Years' Consecutive to Any Other Sentence</u>

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **MELVIS RAMIREZ SAIZ**

Case No:_____

Count #: 1

Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices

Title 18, United States Code, Section 1029(b)(2)

* **Max. Penalty**: 5 Years' Imprisonment

Count #: 2

Fraud and Related Activity in Connection with Access Devices

Title 18, United States Code, Section 1029(a)(2)

***Max. Penalty**: 10 Years' Imprisonment

Count #: 3

Possession of Device Making Equipment

Title 18, United States Code, Section 1029(a)(4)

***Max. Penalty**: 15 Years' Imprisonment

Counts #: 5-8

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

***Max. Penalty**: 2 Years' Consecutive to Any Other Sentence

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.