UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 09-20686-CR-JORDAN

UNITED STATES OF AMERICA

vs.

MELVIS RAMIREZ SAIZ,

    Defendants.

_____/

## PLEA AGREEMENT

The United States of America and Melvis RAMIREZ (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to counts 1, 2, and 5 of the Indictment, which charge her with (1) knowingly and intentionally combining, conspiring, confederating, and agreeing with Hector Jornet Souto and Didier Gonzalez-Vasquez to commit violations of Title 18, United States Code, Section 1029(a), in violation of Title 18, United States Code, Section 1029(b)(2);(2) knowingly, and with intent to defraud, trafficking in and using one or more unauthorized access devices during a one-year period, and by such conduct obtaining anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2; and (5) knowingly transferring, possessing, and using, without lawful authority, the means of identification of another person, during and in relation to a felony violation of Title 18, United States Code, Sections 1029(a)(2) and 2, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

2. The United States agrees to seek dismissal of counts 3, 6, 7 and 8 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that, for Count 1, the court may impose a statutory maximum term of imprisonment of up to seven and one-half years (7.5) years, followed by a term of supervised release of not more than three (3) years. In addition to terms of imprisonment and supervised release, the court may impose a fine of up to $250,000. The defendant further

range is determined by the Court. However, the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding upon the government, the probation office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding upon the Court and the Court may disregard the recommendation in its entirety. The defendant understands and agrees, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

understands and acknowledges that, for Count 2 the court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of not more than three (3) years. In addition to terms of imprisonment and supervised release, the court may impose a fine of up to $250,000. Lastly, the defendant understands and acknowledges that, for Count 5, the Court must impose a sentence of two (2) years, followed by a term of supervised release of no more than one (1) year.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $300 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two (2) or three (3) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the advisory guideline range, as that

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

Date: 9/21/09

By: _____
ROY K. ALTMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 9/25/09

By: _____
ANDRE PIERRE, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9/25/09

By: _____
MELVIS RAMIREZ SAIZ
DEFENDANT